# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

August 27, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

STATE OF TENNESSEE,    )
    )
    Appellee,    )    C.C.A. No. 03C01-9803-CR-00100
    )
v.    )    Hamilton County
    )
TRACY LEBRON VICK,    )    Honorable Stephen M. Bevil, Judge
    )
    Appellant,    )    (Sentencing)

## CONCURRING OPINION

I fully concur in the opinion of the majority and offer this separate opinion solely for the purposes of elucidating the use of the mid-range starting point for establishing the length of the defendant's sentence.

Prior to July 1, 1995, the sentencing law prescribed the minimum sentence in the range as the presumptive sentence. Tenn. Code Ann. § 40-35-210(c), (d) (1990). Effective on that date, Code section 40-35-210(c) was amended to provide that the presumptive sentence for Class A felonies "shall be the midpoint of the range if there are no enhancement or mitigating factors." Tenn. Pub. Acts ch. 493, §1 (effective July 1, 1995). Subsection (e), which provided that when there are enhancement and mitigating factors "the court must start at the minimum sentence in the range," was not amended in 1995. However, effective May 7, 1998, subsections (d) and (e) were amended to provide that the midpoint in the range would be the starting point for establishing the length of a sentence for a Class A felony offense. Tenn. Pub. Acts ch. 914, § 2 (effective May 7, 1998). Thus, for Class A felony offenses committed between July 1, 1995 and May 7, 1998, the anomaly prevailed that the "presumptive" sentence was the midpoint in the sentencing range, although the starting point for setting the sentence when both enhancement and mitigating factors were present was the minimum sentence in the range. The offense in the present case was committed on September 20, 1996 and

falls within that time period.

For cases such as the one at bar which arose during this time period, this court resolved the anomaly in State v. Chance, 952 S.W.2d 848 (Tenn. Crim. App. 1997). We held that the presumptive sentence or starting point for post-1995 amendment Class A felonies, including cases which involved both enhancement and mitigating factors, is the midpoint in the applicable sentencing range. Chance, 952 S.W.2d at 850-51. Thus, despite the language that appeared in subsection (e) of Code section 40-35-210 on September 20, 1996, the applicable starting point is the midpoint, and in his brief, the defendant concedes as much.

With this explanation, I fully concur in the majority's opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE